```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

---------------------------------

ALBERT ELOVITZ, INC.
               Plaintiff,       CIVIL ACTION NUMBER:

   v.

SHOP412, LLC

               Defendants.

---------------------------------

### COMPLAINT

Plaintiff, for its Complaint, hereby avers:

### NATURE OF ACTION

1.  Plaintiff has a place of business at 3001 Penn Avenue, Pittsburgh, PA 15201-1520.

2.  On September 30, 2016, Plaintiff filed for a federal registration of the trademark for the word mark in a standard text formative "412", Serial No. 87/190,077, based upon an intent to use.

3.  Defendant has a federal registration, Reg. No. 4,208,846, for athletic apparel, namely, shirts, hats and caps for a highly stylized logo in International Class 21.

4.  Defendant filed for a federal registration of the trademark for the highly stylized logo, Serial No. 87/137,132, based upon an intent to use for "mustard" international class 30.

5.    Defendant filed for a federal registration of the trademark for the <u>highly stylized logo</u>, Serial No. 87/134,140, based upon an intent to use for "arena services" international class 43.

6.    Defendant has filed for a federal registration of the trademark for the word mark, Serial No. 87/131,126, based upon an intent to use for "beer" international class 43.

7.    Plaintiff does not sell, and has no present intention of selling, clothing, mustard, beer, or arena services, and Plaintiff has no intention of using the mark 412 in any form confusingly similar to Defendant's brand.

8.    Defendant has threatened Plaintiff with legal action for Plaintiff's intended use of the brand, even though and notwithstanding that Plaintiff does not sell, and has no intention of selling, clothing, mustard, beer, or arena services, and Plaintiff has no intention of using the mark 412 in any form confusingly similar to Defendant's brand.

## JURISDICTION

9.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a) and (b), federal questions involving infringement of a mark.

## JURISDICTION AND VENUE

10.   The venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

11.   Plaintiff incorporates the facts set forth in the prior averments by this reference, as if set forth herein.

2

12. Defendant has a place of business at 420 South 27th Street, Pittsburgh, PA 15203.

13. Defendant's registered mark is a very specific design of a four point star beneath "4".

14. Plaintiff's mark does not include a design of a four point star beneath "4".

15. Defendant does not own any federal registration of a word mark, but registered only on specific and highly-stylized formative of the brand, its reputation, if any, being bound to the actual use.

16. Defendant's mark, if any, is not famous, nor widely recognized by the general consuming public of the United States as a designation of source of the goods or services of Defendant.

17. On November 11, 2016, Defendant's counsel sent Plaintiff documents threatening an imminent lawsuit to be filed in the Commonwealth of Pennsylvania, Court of Common Pleas, and threatening emergency injunctive relief on the basis of a claimed famous trademark, not supported in fact or law, as well as threatening that Plaintiff's intent to use application must be ceased notwithstanding the claim is unripe, and, moreover, counsel for Defendant knows that Defendant's threat as made is unsupported in law, ungrounded in fact, and frivolous, and thereby intentionally causing Plaintiff to expend significant sums of time and money in this legal process.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY RELIEF**

18.   By this reference, Plaintiff hereby incorporates the previous averments as if restated herein.

19.   Defendant has threatened legal action against Plaintiff, as set forth above.

20.   Plaintiff accordingly seek declaratory relief that Plaintiff is not an infringer and that Defendant's threats and actions, based upon the facts and applicable law, is ungrounded, without legal merit and frivolous.

WHEREFORE, Plaintiff prays this Court declare that Plaintiff is entitled to the declaration of rights as stated herein.  Plaintiff further prays, to the furthest extent permitted by law, for all compensatory, statutory, incidental and punitive damages, including, but not limited to cost of this action and attorneys' fees, and any other damages and relief that justice requires.

**SECOND CLAIM FOR RELIEF**
**CANCELLATION OF DEFENDANT'S REGISTRATION**
**FRAUD ON THE TRADEMARK OFFICE – REG. NO. 4,208,846**

21.   By this reference, Plaintiff hereby incorporates the previous averments as if restated herein.

22.   By declaration in the application for the registration 4,208,846, on August 11, 2011, Christian Kinkela stated that the bona fide interstate January 1, 2008.

23.    Based upon information available on public databases, Defendant committed fraud of the United States Patent and Trademark Office and

4

did not have a bona fide use in commerce on or before January 1, 2008, as required by legal standards to support the underlying registration.

24.   Defendant's mark must be accordingly cancelled.

WHEREFORE, Plaintiff prays this Court cancel Defendant's referenced registration.  Plaintiff further prays, to the furthest extent permitted by law, for all compensatory, statutory, incidental and punitive damages, including, but not limited to cost of this action and attorneys' fees, and any other damages and relief that justice requires.

Dated: November 12, 2016

>   /s/Gregg Zegarelli/
>   Gregg R. Zegarelli, Esq.
>   Counsel for Plaintiff
>   PA I.D. #52717
>
>   Z E G A R E L L I
>   Technology & Entrepreneurial
>     Ventures Law Group, P.C.
>   2585 Washington Road, Suite 134
>   Summerfield Commons Office Park
>   Pittsburgh, PA  15241
>   412.833.0600